```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MORRIS COOPER,<br><br>        Plaintiff,<br><br>    v.<br><br>ATLANTIC COUNTY JUSTICE<br>FACILITY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-575 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

JEFFREY S. MCLAIN, Esq.
Holtzman & McClain, P.C.
524 Maple Avenue, Suite 200
Linwood, New Jersey 08221
    Attorney for Defendant CFG Health Systems, LLC

JAMES T. DUGAN, Esq.
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
    Attorney for Defendants Officer A. Buonsante, Sgt. Gill, Sgt. Montoya, D.T.J. Geiger, and Ofc. Grey.

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

    This matter comes before the Court on Defendant CFG Health Systems, LLC's ("CFG") motion to dismiss the complaint pursuant to Local Civil Rule 10.1(a) and Federal Rule of Civil Procedure 41(b), (Docket Entry 20), and Defendants' Buonsante, Geiger, Gill, Grey, and Montoya ("ACJF Defendants") motion to dismiss

for lack of prosecution, (Docket Entry 22). Pro se Plaintiff Morris Cooper ("Plaintiff") did not submit any papers in opposition. These motions are being considered on the papers pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motions shall be granted, and the complaint shall be dismissed for lack of prosecution.

## II. BACKGROUND

Plaintiff was a pretrial detainee confined at the Atlantic County Justice Facility ("ACJF"). He brought this civil rights action against Defendants ACJF, Freeholders of Atlantic County, Medical Staff of Atlantic County Justice Facility, Atlantic County Correctional Officers, CFG Health Systems, LLC, ("CFG") and Warden Geraldine Cohen. By Order dated March 17, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the complaint. (Docket Entry 2).

This Court thereafter screened the complaint for summary dismissal pursuant to 28 U.S.C. § 1915. By Opinion and Order dated April 20, 2015, this Court permitted the complaint to proceed in part and ordered the Clerk's Office to issue summonses. (Docket Entries 4 and 5). On May 6, 2015, Plaintiff moved for the appointment of pro bono counsel. (Docket Entry 9). Magistrate Judge Joel Schneider denied the motion without prejudice on May 27, 2015. (Docket Entry 10).

The ACJF Defendants filed an answer and crossclaim on July 29, 2015. (Docket Entry 13). The Court sent a pre-trial letter to the parties on July 29, 2015, (Docket Entry 14), and Magistrate Schneider issued a scheduling order on July 30, 2015, (Docket Entry 15). Both of these items were mailed to Plaintiff at the ACJF; however, they were returned to the Clerk's Office as undeliverable. (Docket Entries 16 and 17). Notations on the envelopes indicated Plaintiff was no longer housed at ACJF. (Docket Entries 16 and 17). CFG filed its answer on August 21, 2015. (Docket Entry 18).

On September 25, 2015, CFG filed a motion to dismiss pursuant to Local Civil Rule 10.1(a), or for lack of prosecution under Federal Rule of Civil Procedure 41. (Docket Entry 20). The ACJF Defendants filed a motion to dismiss for lack of prosecution on September 28, 2015. (Docket Entry 22). Plaintiff has not submitted any opposition to the motions, and mail addressed to Plaintiff at ACJF continues to be returned as undeliverable, (Docket Entry 23). CFG filed two certifications in support of its motion. (Docket Entries 24 and 26).

## III. STANDARD OF REVIEW

A defendant may move to dismiss an action or any claim against it "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] rules or a court order." Fed. R. Civ. Pro. 41(b). The Third Circuit has noted

3

that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984). However, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute does not require a party to affirmatively delay the case. Failing to comply with court orders, failing to respond to discovery, or otherwise failing to act may constitute lack of prosecution. *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

Courts generally consider the factors outlined in *Poulis* in determining whether dismissal is warranted. These six factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**IV. ANALYSIS**

It is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court and the other parties apprised of his or her current mailing address. Local Civ. R. 10.1(a). Plaintiff alone bears this responsibility. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). The first factor therefore weighs in favor of dismissal.

"[P]rejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* at 259 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). CFG argues it has not been able to prepare its defense to this matter as Plaintiff has not responded to its discovery requests, executed medical records authorization, or served expert reports and disclosures within the timeframes set forth by Magistrate Schneider in his scheduling order. (Docket Entry 26; Docket Entry 15). The ACJF Defendants also asserted they would be unable to comply with discovery deadlines as Plaintiff could not

5

be reached. (Docket Entry 22-1 ¶¶ 18-19). Indeed the dates for the exchange of expert reports, fact discovery, and dispositive motions set forth in the scheduling order of July 30, 2015 have passed with no response from Plaintiff to any of Defendants' inquiries. (Docket Entry 22-1 ¶¶ 16-17; Docket Entry 20-1 ¶¶ 15-17). The second factor also weighs in favor of dismissal.

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Although Plaintiff's initial failure to update his address was his first "dilatory" action, he has not contacted the Court since the filing of his motion for the appointment of counsel in May 2015. (Docket Entry 9). He has therefore continued to act in a dilatory manner by ignoring his responsibilities for over six months. In that time, Plaintiff has not responded to Defendants' discovery requests or to the Court's scheduling order and pre-trial letter. (Docket Entries 16 and 17). The continued failure to participate in these proceedings has resulted in the missing of court-ordered deadlines. Accordingly, the third factor weighs in favor of dismissal.

In spite of Plaintiff's continuing failure to communicate with Defendants and this Court, there are insufficient facts to

warrant an inference of bad faith or willfulness. "Willfulness involves intentional or self-serving behavior." *Id.* at 875. Conduct that is "merely negligent or inadvertent" is not "contumacious," *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876. Even "inexcusabl[y] negligent behavior" does not meet the *Poulis* standard of willfulness. *Ibid.* Defendants have not submitted anything to this Court that would warrant an inference that Plaintiff was acting in bad faith either when he initially failed to update his address or when he continued to do so. As the record is insufficient to support an inference of bad faith, the fourth factor does not weigh in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal. Plaintiff is proceeding pro se and *in forma pauperis*, (Docket Entry 2), therefore monetary sanctions would not be an effective alternative. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). The Court's scheduling order and Defendants' discovery requests and motions have been returned as undeliverable, and there is no new address available to the Court at which Plaintiff could be contacted. It therefore does not appear that further orders imposing less severe sanctions,

7

such as administrative termination subject to reopening if Plaintiff provides a valid address or an order to show cause why the case should not be dismissed, would reach Plaintiff and garner a response. Issuing an order to show cause or administratively terminating the complaint would only serve to delay the proceedings further as Plaintiff likely would not receive those orders. The Court finds that no sanction short of dismissal would be effective.

"Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263. The Court determined in its § 1915 screening that several of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Plaintiff. "A fortiori, these claims surpassed the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit." *Ibid.* The sixth factor does not weigh in favor of dismissal.

On balance, the *Poulis* factors weigh in favor of dismissal for lack of prosecution. The Court finds particularly meaningful the prejudice Defendants have incurred by the obstruction of their ability to prepare their defense and the fact that Plaintiff has not contacted the Court for over six months. Given Plaintiff's failure to participate in these proceedings, and the

inability of the Court to ascertain his current whereabouts, there does not appear to be any way to continue this litigation. Defendants' motions to dismiss for lack of prosecution shall be granted.

## IV. CONCLUSION

For the reasons stated above, the complaint shall be dismissed for lack of prosecution. An accompanying Order will be entered.

| | |
|---|---|
| **January 12, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |